UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. AVERY,

        Plaintiff,                      Case Number 21-12138

v.                                          Honorable David M. Lawson

MICHAEL BURGESS,

        Defendant.

_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLDING PETITION IN ABEYANCE

On September 2, 2021, the petitioner, Michael R. Avery, presently confined at the Oaks Correctional Facility in Manistee, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On the same date, he also filed a motion to stay the proceedings and hold the petition in abeyance, so that he might return to state court to exhaust additional claims. The Court now finds that the request for a stay is lawful and should be granted.

I.

After a jury trial in the Genesee County, Michigan circuit court, the petitioner was convicted on charges of assault with intent to do great bodily harm less than murder, carrying a concealed weapon, felonious assault, being a felon in possession of a firearm, possessing a firearm in the commission of felony, possession of less than 25 grams of heroin, and possession of less than 25 grams of cocaine. The charges arose from an incident in November 2015 when the petitioner assaulted a female companion, pulled a gun on her and fired the weapon from a car window, and then beat, kicked, and cut her, tearing off some of her clothes. After the victim fled, the petitioner was arrested by police, and his car later was searched under a warrant and found to contain a gun and drugs, along with traces of the violent encounter. The petitioner appealed his

conviction raising claims that the prosecutor destroyed exculpatory evidence recorded in a dash cam video that captured the petitioner's arrest, the warrant for the search of the vehicle that disclosed evidence of the crimes was not supported by probable cause, an amendment of the assault charge after the close of proofs violated the petitioner's due process rights, and the prosecutor knowingly solicited perjured testimony to obtain a conviction. Those arguments were rejected when the convictions and sentences were affirmed by the Michigan Court of Appeals on April 30, 2020. *People v. Avery*, No. 344570, 2020 WL 2095927 (Mich. Ct. App. Apr. 30, 2020). The Michigan Supreme Court denied the petitioner's application for leave to appeal on October 27, 2020. *People v. Avery*, 506 Mich. 942, 949 N.W.2d 698 (2020).

The petitioner now asks the Court to stay the proceedings and hold the petition in abeyance so that he can return to state court to exhaust additional claims that (1) his trial counsel was ineffective by failing to object to erroneous jury instructions, and (2) the prosecutor's failure to correct the allegedly false testimony further compounded the due process violation. Those claims were not previously presented to the state courts.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using

constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that her state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276

F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise the unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on October 27, 2020. That decision became final on January 25, 2021, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced on the following day, January 26, 2021. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the present petition on September 2, 2021, with only 147 days remaining before the limitations period ran out, and he filed his motion to stay and hold the petition in abeyance on that same date. In ordinary times, the remainder of the limitations period might allow the petitioner sufficient time after the completion of the post-conviction proceedings to return to this Court with a timely petition. However, the Court takes judicial notice of the pervasive delays in legal proceedings in state and federal courts and frequently lengthy delays in the delivery of postal mail that have transpired during the ongoing global pandemic. The Court is concerned about the problems that such delays could cause the petitioner if the Court were to dismiss the petition without prejudice, because any subsequently filed petition could be untimely by the time the state court proceedings on the new claims were concluded and the petitioner successfully tenders an amended petition to this Court raising his fully exhausted claims.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. All of the claims raised in the original petition have been exhausted, but the new claims that the petitioner describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*,

581 F. 3d 410, 419 (6th Cir. 2009), and he may argue that he did not previously raise these claims in the state courts due to the ineffective assistance of trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 56 days after the entry of this order, and he must ask this Court to lift the stay within 56 days after exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 2) is **GRANTED**. The proceedings on the petition for a writ of habeas corpus are **STAYED** until further order of the Court.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **on or before November 23, 2021**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within fifty-six (56) days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an

amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 29, 2021

- 7 -